[647 NYS2d 39]

In the Matter of ANTHONY F.X. FINN (Admitted as ANTHONY FRANCIS XAVIER FINN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 16, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Gentile & Benjamin,* New York City *(Howard Benjamin* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing 12 charges of professional misconduct against him. The Special Referee sustained all 12 charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm in part, and disaffirm to the extent that he did not act in a venal manner or commit any conduct involving fraud, deceit, dishonesty, or misrepresentation.

Charge One alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law.

The respondent was retained in or about April 1985 to represent Joseph Scozzafava, a person of limited intellectual capacity, in his purchase of real property on Staten Island. In or about June 1985, Mr. Scozzafava contracted to purchase the property for $109,000 and left a $10,800 down payment. When Mr. Scozzafava expressed reservations about proceeding with the purchase, the respondent offered to purchase the property if Mr. Scozzafava would lend him $99,000. In or about July 1985, Mr. Scozzafava paid $90,000 directly to the seller and the respondent delivered to Mr. Scozzafava a 24-year mortgage in the amount of $99,000, at an annual interest rate of 8%. That rate was below prevailing interest rates.

The respondent retained the original mortgage but failed to record it. He also failed to advise his client of the necessity and purpose of recording the mortgage. The respondent, moreover, failed to advise Mr. Scozzafava to seek independent counsel.

In or about November 1986 the respondent borrowed $75,000 from Beneficial Mortgage Corporation, secured by a recorded mortgage in that amount on the subject real property. The respondent was named agent for the title insurance company at the Beneficial mortgage closing. The respondent failed to disclose to Beneficial the existence of the unrecorded Scozzafava mortgage. The respondent failed to advise Mr. Scozzafava that he was using the Staten Island property to obtain another mortgage. The respondent only recorded the Scozzafava mortgage in July 1987 after Mr. Scozzafava's cousin inquired about it.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), based on the facts alleged in Charge One.

Charge Three alleged that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23 [a]), based on the facts set forth in Charge One.

Charge Four alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The respondent improperly attempted to condition the settlement of Mr. Scozzafava's civil claim against him upon an assurance that no complaint of professional misconduct against him would be made to the Grievance Committee.

Charge Five alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law.

The respondent was retained by Carlos Izquierdo in or about July 1990 to commence a foreclosure proceeding with respect to real property in Queens. The property was conveyed to Mr. Izquierdo at the closing, on or about July 17, 1992. The respondent retained the deed after the closing, without his client's consent. The respondent was aware of the requirement that a deed be recorded within 30 days in order to avoid penalties. The respondent refused to release the deed to his client until he received payment of his fees for legal services.

The Grievance Committee received a complaint from Mr. Izquierdo on or about October 20, 1992, based on the respondent's improper refusal to release the deed. The Grievance Committee forwarded the complaint to the respondent, on or about October 26, 1992, along with a request for the respondent's written answer. The respondent mailed the deed to Mr. Izquierdo on or about October 29, 1992.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Six alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The respondent improperly sought to condition the settlement of a civil suit against Mr. Izquierdo upon the latter's

withdrawal of his complaint. In connection with the settlement of the respondent's civil suit against Mr. Izquierdo, the respondent requested that he sign a letter addressed to the Grievance Committee withdrawing his complaint.

Charge Seven alleged that the respondent improperly converted to his own use funds entrusted to him as fiduciary.

The respondent was retained in or about January 1989 to commence a foreclosure action on behalf of Henry Reich and Alex Silberberg with respect to real property in Queens. At an auction on May 1990, an $8,000 down payment was held by Referee Lee A. Mayersohn. After the purchaser sought to set aside the sale, a stipulation of settlement was executed in or about March 1991 whereby it was agreed that $5,350 would be paid to the respondent "as attorney" for Messrs. Reich and Silberberg. Pursuant to the stipulation of settlement, Mr. Mayersohn issued a check payable to the respondent "as attorney", in the amount of $5,350. The respondent deposited that check into his business account in or about April 1991 without the prior consent of either Messrs. Reich or Silberberg.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Eight alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

After having made the $5,350 deposit into his business account, the respondent represented to Messrs. Reich and Silberberg that he was holding those funds in his attorney escrow account. In or about February 1993 the Grievance Committee received a complaint from Messrs. Reich and Silberberg alleging that the respondent had refused to return funds that he was holding in escrow. The Grievance Committee thereafter mailed the respondent a copy of the complaint with a request for his written answer. The respondent submitted an answer which contained the false representation that the $5,350 entrusted to him was being held in his attorney escrow account.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Nine alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the facts alleged in Charges Seven and Eight.

Charge Ten alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law.

In or about April 1993, the respondent requested that Messrs. Reich and Silberberg, in connection with the settlement of the respondent's civil lawsuit against them, sign letters addressed to the Grievance Committee withdrawing their complaint of professional misconduct against him.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Eleven alleged that the respondent improperly disbursed monies from his attorney escrow account.

In or about April 1990, the respondent was retained to represent Richard Epstein in a matrimonial action. In the course of his representation, the respondent was entrusted with funds as a fiduciary. He deposited these funds into his designated attorney escrow account at Gateway State Bank. In or about June 1992, Mr. Epstein authorized the respondent to expend $20,000 from monies being held by the respondent as a fiduciary. The respondent disbursed those funds by drawing checks on his attorney escrow account, payable to his own order and to third parties, for the purpose of paying his personal expenses.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Twelve alleged that the respondent failed to record all disbursements in the ledger of his attorney escrow account. Specifically, the respondent failed to record the disbursements of the $20,000 referred to in Charge Eleven.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]).

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained all 12 charges of professional misconduct. The Grievance Committee's motion to confirm the Special Referee's report is granted in its entirety and the respondent's cross motion is granted to the extent that he has admitted certain charges or portions thereof.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his admitted alcohol and substance abuse problems and his claim that he suffers from posttraumatic stress syndrome emanating from

his having experienced active duty in Vietnam. However, the mitigation offered by the respondent cannot excuse his borrowing a large sum of money from a mentally handicapped client at a very favorable interest rate; giving that client an unrecorded mortgage; taking out an additional mortgage on that property without notifying the client or disclosing the client's unrecorded mortgage to the lender; making repeated misrepresentations to his clients and Grievance Counsel; and attempting to exact withdrawals of disciplinary complaints from his clients.

The respondent's prior disciplinary history includes a Letter of Caution, dated November 21, 1986, for failing to provide a client with a closing statement.

Under the totality of circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that the respondent has admitted certain charges or portions thereof and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Anthony F.X. Finn, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony F.X. Finn is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.